UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00057-TBR

GWENDOLYN WAGGONER                                                    Plaintiff

v.

ERIC K. FANNING, Acting Secretary                                     Defendant
Department of the Air Force

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant's motion to transfer venue to the Western District of Oklahoma. (Docket No. 10.) Plaintiff, Gwendolyn Waggoner (pro se) has responded. (Docket No. 12.) This matter is now fully briefed and ripe for adjudication. For the following reasons, the Court will **GRANT** Defendant's motion to transfer venue to the Western District of Oklahoma.

Plaintiff alleges that she was subjected to retaliation and discrimination on the basis of her race and sex by her employer (Altus Air Force Base in Oklahoma). She has filed a decision of the U.S. Equal Employment Opportunity Commission noting her right to sue. Defendant argues the Western District of Kentucky is not the proper venue for this action pursuant to 42 U.S.C. § 2000(e)-5(f)(3). 42 U.S.C. § 2000(e)-5(f)(3) states:

> **(3)** Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in [1] any judicial district in the State in

> which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000(e)-5(f)(3). "This statutory scheme indicates that Congress intended to limit venue in Title VII cases to those jurisdictions concerned with the alleged discrimination." *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 277 (D.D.C. 2002). Only one of Title VII's venue provisions must be satisfied for venue to be proper. *Turnley v. Banc of America Inv. Servs. Inc.*, 576 F. Supp. 2d 204, 212 (D. Mass. 2008).

Plaintiff does not appear to address the substance of Defendant's arguments for why venue is not proper in the Western District of Kentucky in her lengthy Response.[1] (Docket No. 12.) The closest Plaintiff comes to addressing the actual substance of Defendant's arguments is on Page 5 and 7 of her Response. (Docket No. 12.) On Page 5, Plaintiff argues:

> (5) The property in which the Agency alleges to have/hold concerning administration of my case can and has been accessed electronically as the Agency has substantial contracts in approximately every state of the United States and has practiced doing business in this State not only with me on several occasions

---

[1] Plaintiff moves the Court to keep venue of this case in the Western District of Kentucky because she did not "receive correct service of the Agency's Motion to Transfer Venue." (Docket No. 12, Page 1.) However, the record reflects that Plaintiff received a copy of the motion with the proper certificate of service.

> but an array of business to include their malicious and intentional harm of directing my return to Oklahoma to their hostile work environment on the pretense of wholeness and the pretext that the Agency was doing me a favor instead of the reality and fact that somewhere they were negligent and erred in their procedures causing harm to me mentally and physically and damage to my ability to continue in federal service reflecting on my future employment and enjoyment of life.

(Docket No. 12, Page 5.) On Page 7, Plaintiff argues:

> Furthermore, all the Agency witnesses are not located in Oklahoma but are accessible in other states of the United States through the "entity" of said agency/defendant. If the defendant is allowed this access then so should I be allowed the same in the jurisdiction of Kentucky District Courts.

(Docket No. 12, Page 7.) The Court finds these arguments unpersuasive.

The Court agrees with Defendant that the Western District of Kentucky is not the statutorily correct venue for this action. The alleged discriminatory conduct did not occur in Kentucky. The relevant records are not maintained or administered in Kentucky.[2] Finally, Plaintiff has not claimed in her Complaint that she "would have worked" in Kentucky, "but for the alleged unlawful employment practice."[3] 42 U.S.C. § 2000(e)-5(f)(3).

Defendant requests the case be transferred to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1406(a). The Court finds this action could have been brought in the Western District of Oklahoma and the transfer of

---

[2] Moreover, as Defendant noted, most of the potential witnesses are not located in Kentucky. (Docket No. 10, Page 3.)

[3] "4. Plaintiff sought employment from the defendant or was employed by the defendant at . . . Jackson, Oklahoma 73523." (Docket No. 1, Complaint, Page 2.)

this case would "be in the interest of justice."[4] 28 U.S.C. 1406(a). Accordingly, the Court will **GRANT** Defendant's motion and transfer this case to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1406(a).

IT IS SO ORDERED.

Date:

cc:     Counsel

```
Gwendolyn Waggoner
805 Oak Hurst Court
Hopkinsville KY  42240
```

---

[4] While this action also could be brought in Washington, D.C. (where the official records are maintained), the Court agrees with the Defendant that Oklahoma is a more proper or logical venue. Notably, Plaintiff did not request, in the alternative, that the case be transferred to Washington, D.C. rather than Oklahoma.